FILED
NOV 12 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Matthew Curry, )
)
       Plaintiff, )
)
v. ) Civil Action No. 19-3021 (UNA)
)
United States, )
)
       Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff is a resident of Washington, D.C. He has filed an Amended Complaint against the United States [Dkt. # 3]. Neither the 13-page pleading nor the original complaint [Dkt. # 1] establishes a waiver of the United States' immunity. Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: November 8, 2019

United States District Judge